UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEWELL A. BUSSEY, 99-A-2208,                   **DECISION AND ORDER**
                                                                   **DENYING MOTION TO**
                                      Plaintiff,                   **APPOINT COUNSEL**

v.                                                                               12-CV-00139(JJM)

C. HAFF, C. KIFNER, M. NULL,
M. KIEBAR, M. LAFLEX, J. BROWN,
J. DUNBAR, J. NIVISON, S. NORWICH,
and W. CARPENTER,

                                      Defendants.
_____

         Before me is plaintiff's second motion for appointment of counsel [12].[1] Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that defendants utilized excessive force against him and failed to protect him, in violation of the Eighth Amendment. Complaint [1]. In connection with his motion for leave to proceed *in forma pauperis*, plaintiff requested appointment of counsel. While plaintiff was granted permission to proceed *in forma pauperis*, his motion for appointment of counsel was denied, without prejudice. *See* Hon. Michael A. Telesca's March 13, 2012 Order [4], p. 1. Plaintiff again moves for appointment of counsel pursuant to 28 U.S.C. §1915(e), arguing that his "imprisonment will greatly limit his ability to litigate", "[t]he issues involved are complex", and that "counsel would better enable plaintiff to present evidence and cross examine witnesses". Plaintiff's Application for

---

[1]      Bracketed references are to the CM/ECF docket entries.

Appointment of Counsel [12], p. 1, ¶¶ 2,3.[2]  He has also recently asked that his deposition be delayed until after his motion for appointment of counsel is resolved, arguing that he requires counsel at his deposition since he may be "asked to say things which could be used against [him] in a criminal prosecution" [19].

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988).  The decision as to whether or not to assign counsel lies clearly within the court's discretion.  *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.  *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir. 2001).

Having considered these factors, I conclude that appointment of counsel is not warranted at this time. Since the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to assess.  Moreover, plaintiff has not shown that he is incapable of

---

[2]  Plaintiff's motion [12] also includes a "Request to Proceed In Forma Pauperis" and "Declaration in Support of Request to Proceed In Forma Pauperis".  However, he has already been granted *in forma pauperis* status [4].

investigating the facts of this case or conducting discovery. While plaintiff points to possible criminal consequences of proceeding without counsel, this remains a civil matter and "[t]here is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Therefore, plaintiff's motion for appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of counsel at a later stage of the case.

However, at this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. 28 U.S.C. §1654. In order to assist plaintiff in pursuing this case *pro se*, the clerk of the court is directed to send plaintiff the court's booklet entitled "*Pro Se Litigation Guidelines*".

**SO ORDERED**.

Dated: March 15, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge