

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEWELL BUSSEY, #99A2208,

                    Plaintiff,

         -against-

C. HAFF, et al.,

                  Defendants.

---

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE PURSUANT TO RULE 41(A)**

Civil Action No. 12-CV-0139M

    WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

    WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

    WHEREAS, the Department of Corrections and Community Supervision ("DOCCS"), as the Department having supervision of JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL LAFEX, JULIE NIVISON, S. NORWICH, and MATTHEW NULL, alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

    WHEREAS, defendants JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL

LAFEX, JULIE NIVISON, and MATTHEW NULL do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all of the parties in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment of the sum of FIVE THOUSAND DOLLARS ($5,000.00), discontinued with prejudice as to defendant JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL LAFEX, JULIE NIVISON, S. NORWICH, and MATTHEW NULL. Payment shall be made by check payable to the order of CONNORS & VILARDO, LLP, as attorneys in the sum of FIVE THOUSAND DOLLARS ($5,000.00) and sent to the plaintiff's attorney, NICHOLAS A. ROMANO, ESQ., at Connors & Vilardo, LLP, 1000 Liberty Building, 424 Main Street, Buffalo, New York 14202.

2. In consideration of the payment of the sum set forth in paragraph 1, the plaintiff hereby releases the defendants and any and all current of former employees of DOCCS, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

3. In further consideration of the payment of the sum set forth in paragraph 1, plaintiff hereby waives, releases and forever discharges defendants and any and all current of former employees of DOCCS, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and DOCCS, from any and all claims, known or unknown, arising out of the plaintiff's Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

4. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiff and plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment.

5. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required under paragraphs 12 and 13 hereof, unless the provisions of Executive Law § 632-a apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. That in the event that the aforementioned approvals in paragraph 4 of all appropriate State officials in accordance with the provisions for indemnification under Public

Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiff.

7. That each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

8. That nothing contained herein shall constitute an admission by JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL LAFEX, JULIE NIVISON, and MATTHEW NULL, individually or in their official capacity, that they deprived the plaintiff, JEWELL A. BUSSEY, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

9. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

10. I, Nicholas A. Romano, the attorney, for the plaintiff do hereby release and waive any lien for services upon the above-named plaintiff's causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiff which I have thereon under and by virtue of Section 475 of the Judiciary Law or otherwise.

11. I, Nicholas A. Romano, the attorney for the plaintiff, do further represent that there are no other attorneys having a lien for services rendered to plaintiff pursuant to the provisions of Section 475 of the Judiciary Law or otherwise.

12.  Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

13.  That plaintiff agrees that JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL LAFEX, JULIE NIVISON, MATTHEW NULL, DOCCS, and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further that plaintiff JEWELL A. BUSSEY agrees that he will defend, indemnify and hold harmless JOHN BROWN, WILLIAM CARPENTER, JOHN DUNBAR, CHRISTOPHER HAFF, MATTHEW KIELAR, CHRISTOPHER KIFNER, MICHAEL LAFEX, JULIE NIVISON, MATTHEW NULL, DOCCS, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

14.  In confirmation of the agreement herein, the undersigned attorneys for the parties to this action set their signatures below.

Dated: Buffalo, New York
      <u>October 6</u>, 2015

                              Connors & Vilardo
                              Attorneys for the Plaintiff


                              By <u>/s/ Nicholas A. Romano</u>
                              Nicholas A. Romano, Esq.
                              Connors & Vilardo,
                              1000 Liberty Building
                              424 Main Street
                              Buffalo, NY 14202
                              716-852-5533
                              <u>nar@connors-vilardo.com</u>


Dated: Marcy, New York
      <u>Oct 1</u>, 2015

                              <u>    /s/ Jewell A. Bussey    </u>
                                  JEWELL A. BUSSEY

Sworn to before me this
<u>1</u> day of <u>Oct</u>, 2015


  <u>/s/ David E. Johnson</u>
        Notary Public
My Commission Expires Jan 6, 20<u>16</u>

6

Dated: Buffalo, New York
       October 6th____, 2015

                        ERIC T. SCHNEIDERMAN
                        Attorney General of the State of New York
                        Attorney for Defendants
                        BY:

                        /s/ George Michael Zimmermann
                        GEORGE MICHAEL ZIMMERMANN
                        Assistant Attorney General of Counsel
                        Main Place Tower, Suite 300A
                        350 Main Street
                        Buffalo, NY 14202
                        (716) 853-8444
                        George.Zimmermann@ag.ny.gov

SO ORDERED:

                        _____
                        Hon. Richard J. Arcara
                        United States District Court Judge

                        Oct. 8, 2015